UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL R. NEWCOMB,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

Defendant.

Case No. C16-5253-JCC

**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Michael R. Newcomb seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Mr. Newcomb contends the ALJ erred in evaluating the medical opinions of Thomas Clifford, Ph.D., Rita Flanagan, Ph.D., Deven Karvelas, M.D. and Brian Iuliano, M.D. Dkt. 7. Mr. Newcomb also argues the ALJ erred in failing to make reviewable findings with respect to his ability to hold the sitting and standing positions. *Id.* Mr. Newcomb contends these errors resulted in a residual functional capacity determination (RFC) that failed to account for all of his limitations. *Id.* Mr. Newcomb contends this matter should be remanded for payment of benefits or, alternatively, for further administrative proceedings. *Id.* at 2. As discussed below, the Court **REVERSES** the

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

On September 18, 2012, Mr. Newcomb filed a Title II application for a period of disability and Disability Insurance Benefits. Tr. 11, 210-13. On September 12, 2012, Mr. Newcomb filed a Title XVI application for Supplemental Security Income. Tr. 11, 214-22. Both applications allege disability commencing on July 14, 2012. Tr. 11, 210-22. Mr. Newcomb's applications were denied initially and on reconsideration. Tr. 11, 86-133, 141-63. After the ALJ conducted a hearing on May 13, 2014, the ALJ issued a decision finding Mr. Newcomb not disabled. Tr. 11-26.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

> **Step one:** Mr. Newcomb has not engaged in substantial gainful activity since July 14, 2012, the alleged onset date.
>
> **Step two:** Mr. Newcomb has the following severe impairments: spinal degenerative disc disease (DDD) status post-fusion and obesity.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment.[3]
>
> **Residual Functional Capacity:** Mr. Newcomb can perform medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), that does not require lifting more than 50 pounds occasionally or more than 20 pounds frequently; that does not require more than frequent balancing, stooping, kneeling, crouching, or climbing of ramps or stairs; that does not require more than occasional crawling or climbing of ladders, ropes or scaffolds; that does not require more than occasional overhead reaching; and that does not require exposure to hazards such as open machinery or unprotected heights.
>
> **Step four:** Mr. Newcomb can perform past relevant work as a medical receptionist.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

> **Step five:** Alternatively, as there are jobs that exist in significant numbers in the national economy that Mr. Newcomb can perform, he is not disabled.

Tr. 11-26. The Appeals Council denied Mr. Newcomb's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1-6.[4]

## DISCUSSION

### A. Medical Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a nonexamining physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where a treating or examining doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Id.* Where contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id.* at 830-31. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

#### *1. Thomas Clifford, Ph.D. and Rita Flanagan, Ph.D.*

Ms. Newcomb contends the ALJ harmfully erred in failing to address the opinions of State agency psychological consultants Dr. Clifford and Dr. Flanagan that he would have

[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

occasional interruptions from psychological symptoms. Dkt. 7 at 4-8. The Court agrees.

The ALJ is required to consider as opinion evidence the findings of State agency medical consultants and to explain the weight given to such opinions. *See* 20 C.F.R. § 416.927(f)(2)(i)-(ii); *see also* SSR 96–6p (1996), 1996 WL 374180, at *2 (S.S.A.1996) (stating that an ALJ "may not ignore" the opinions of State agency medical and psychological consultants "and must explain the weight given to these opinions in their decisions"); *Sawyer v. Astrue*, 303 Fed.Appx. 453, 455 (9th Cir. 2008). "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa*, 143 F.3d at 1244. Here, the ALJ erred in failing to address entirely Dr. Clifford's and Dr. Flanagan's opinions that Mr. Newcomb would experience occasional interruptions from psychological symptoms.

The Commissioner does not dispute that the ALJ did not explicitly address Dr. Clifford's and Dr. Flanagan's opinions that Mr. Newcomb would have occasional interruptions from psychological symptoms. Dkt. 13 at 2-4. Rather, the Commissioner argues that the ALJ did not err in "implicitly" rejecting these opinions "[b]ecause the ALJ provided valid reasons for rejecting the opinion that Drs. Flanagan and Clifford 'adopted'" namely, the opinion of Terilee Wingate, Ph.D. *Id.* at 3-4. However, the ALJ did not reject Dr. Clifford's and Dr. Flanagan's opinions on this basis and, as such, the Court cannot rely upon the Commissioner's post-hoc rationalization in order to find either that the ALJ did not err or that the error was harmless. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the

ALJ to conclude that the ALJ's error was harmless"); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (a district court may not find harmless error by "affirm[ing] the agency on a ground not invoked by the ALJ").

Moreover, an error is harmless only if it is "inconsequential to the ultimate nondisability determination" and a Court cannot consider an error harmless "unless it can confidently conclude that no reasonably ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). The RFC developed by the ALJ and the hypothetical question posited to the VE "must include all of the claimant's functional limitations, both physical and mental supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (internal quotations omitted); *and see* 20 C.F.R. §404.1545(c) ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."). Here, the ALJ failed to properly reject or to include the limitation that Mr. Newcomb would have occasional interruptions from psychological symptoms in the RFC or in the hypothetical to the vocational expert. Accordingly, the Court cannot confidently conclude that no reasonably ALJ, when fully crediting Dr. Clifford's and Dr. Flanagan's opinions, could have reached a different disability determination.

In sum, the ALJ harmfully erred in failing to address Dr. Clifford's and Dr. Flanagan's opinions that Mr. Newcomb would have occasional interruptions from psychological symptoms. On remand, the ALJ should specifically address these opinions.

***2. Deven Karvelas, M.D.***

Mr. Newcomb argues the ALJ erred in evaluating Dr. Karvelas' finding of significant limitations in his cervical range of motion. Dkt. 7 at 8-9. The Court agrees.

In April 2014, Dr. Karvelas examined Mr. Newcomb and found significant limitations in his cervical range of motion. Tr. 667. Specifically, Dr. Karvelas found Mr. Newcomb was limited to 20 degrees of forward flexion, 10 degrees of extension, 10 degrees of lateral flexion bilaterally, and 20 degrees of lateral rotation bilaterally. *Id.* In the "Diagnosis and Prognosis" section of his report, Dr. Karvelas notes that Mr. Newcomb "does have restricted range of motion at the neck, but otherwise no significant functional limitation." Tr. 668. In the "Functional Assessment" section of his report, Dr. Karvelas indicates that Mr. Newcomb has no limitations in standing and walking capacity, sitting capacity, postural activities, manipulative activities or workplace environmental activities and that he can lift 50 pounds occasionally and 20 pounds frequently. *Id.* In evaluating Dr. Karvelas' opinion, the ALJ states that "Dr. Karvelas opined that the claimant was capable of lifting/carrying 50 pounds occasionally and 20 pounds frequently *with no other limits assessed*… This opinion is given great weight because it is consistent with the claimant's report of daily activities and with the physical examination that showed restricted range of motion at the neck, but otherwise no significant functional limitation." Tr. 21 (emphasis added).

Mr. Newcomb argues the ALJ erred in failing to account for Dr. Karvelas' finding of restrictions in his cervical range of motion. Dkt. 7. The Commissioner argues that the ALJ "reasonably concluded that Dr. Karvelas had translated his objective findings into the specifically labeled 'Functional Assessment' and then adopted that assessment." Dkt. 13 at 5. The Court agrees with Mr. Newcomb. Dr. Karvelas clearly found significant limitations in Mr. Newcomb's cervical range of motion and the statement that Mr. Newcomb "*otherwise* [has] no significant functional limitation" does not negate that finding. Tr. 21. Moreover, the fact that Dr. Karvelas did not specifically include Mr. Newcomb's cervical range of motion limitations in

the section entitled "Functional Assessment" also does not negate his finding with respect to those limitations. Tr. 668. The general categories listed in the "Functional Assessment" section of Dr. Karvelas' report do not specifically account for cervical range of motion limitations. *Id.* While, as the Commissioner points out, there is a category for "postural limitations" in the "Functional Assessment" section, such limitations typically refer to climbing, balancing, stooping, kneeling, crouching, and crawling and not to limitations in cervical extension and rotation. Dkt. 13 at 5-6; *see* Social Security Ruling ("SSR") 85-15 (discussing postural impairments in terms of climbing, balancing, stooping, kneeling, crouching, and crawling); *and see Brown v. Colvin*, 15-cv-01997-DWC, 2016 WL 2865233, at *3 n. 2 (W.D. Wash. May 17, 2016) ("'Postural limitations' do not refer to cervical rotation and extension difficulties"). Moreover, cervical range of motion limitations may very well limit an individual's ability to perform certain jobs. *See, e.g., Oliver v. Comm'r Soc. Sec. Admin.*, 12-cv-02143, 2014 WL 795101, at *3 (D. Or. Feb. 27, 2014) (cervical range of motion limitations "preclude the ability to perform a great number of jobs."); *and see Brown*, 2016 WL 2865233, at *3 ("[p]laintiff's inability to perform repetitive cervical rotation or extension is related to her ability to be employed, and is therefore significant, probative evidence."). Thus, the Commissioner's argument, that the ALJ reasonably ignored Dr. Karvelas' cervical range of motion findings because they were not included in the "Functional Assessment" section of the report, is not persuasive. Dkt. 13 at 5.

The ALJ is required to address all medical opinions and "must include all of the claimant's functional limitations, both physical and mental supported by the record" in the RFC and the hypothetical to the vocational expert. *Thomas*, 278 F.3d at 956 (internal quotations omitted); *see* 20 C.F.R. § 404.1545(c); *and see* 20 C.F.R. § 404.1527(c) ("Regardless of its

source, we will evaluate every medical opinion we receive."). Here, the ALJ harmfully erred in failing to either properly reject Dr. Karvelas' cervical range of motion limitations or to account for them in the RFC and in the hypothetical to the vocational expert. *See Thomas*, 278 F.3d at 956; *Stout*, 454 F.3d at 1055-56 (an error is harmless only if it is "inconsequential to the ultimate nondisability determination"). On remand, the ALJ should reevaluate Dr. Karvelas' opinion regarding Mr. Newcomb's cervical range of motion limitations.

***3. Brian Iuliano, M.D.***

Mr. Newcomb contends that ALJ erred in discounting the opinion of her neurosurgeon Dr. Iuliano. Dkt. 7 at 15-18. The Court disagrees.

Dr. Iuliano completed a medical questionnaire in June 2014. Tr. 674. Dr. Iuliano indicated that he agreed with the opinion of Elizabeth Mraz, ARNP, that Mr. Newcomb would have difficulty returning to full time work. *Id.* Dr. Iuliano also indicated that Mr. Newcomb would be unable to perform a job where he would sit in a straight back chair with his feet flat on the ground or stand for 6 hours out of an 8-hour day or stand for 6 hours (with normal breaks) for 8 hours a day, 5 days a week and 50 weeks per year. *Id.*

The ALJ discounted Dr. Iuliano's opinion for several reasons including as inconsistent with both his own treatment notes and those of ARNP Mraz. Tr. 22. Contradictions between a doctor's opinion and clinical findings may be a valid reason to discount the doctor's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ may reject an examining physician's opinion if it is contradicted by clinical evidence). Moreover, an ALJ may discount an opinion that is "conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, Dr. Iuliano indicated that Mr. Newcomb's limitations were attributable to "residual neck

pain" and "neurological deficits." Tr. 674. However, as the ALJ points out, Dr. Iuliano's neurological examinations generally reflected no deficits and his treatment notes, after his final surgery, indicated that Mr. Newcomb's neck pain was likely musculoskeletal and "should resolve with time." Tr. 22, 648, 405 (8/27/2012 exam showing intact strength and normal gait), 482 (7/18/2012 intact neurological exam), 633-34 (10/29/2012 normal neurological exam), 676 (4/18/2013 normal neurological exam); *and see* Tr. 593 (7/9/2012 normal neurological exam by another provider), 668 (4/19/2014 normal neurological exam by another provider). Moreover, ARNP Mraz's treatment notes indicated that Mr. Newcomb had only occasional neck pain, had no radiculopathy into the arms, and that he had declined physical therapy because he did not feel it was necessary. Tr. 22-23, 648-50. The ALJ reasonably found Dr. Iuliano's opinion inconsistent with these clinical findings and treatment notes and properly discounted the opinion on this basis.[5] Mr. Newcomb also does not challenge the ALJ's rejection of Dr. Iuliano's opinion on this basis and thereby waived any argument with respect thereto. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot manufacture arguments for an appellant … Rather, we review only issues which are argued specifically and distinctly …"); *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (the burden is on the party claiming error to demonstrate the error and that the error was harmful).

In sum, the ALJ did not err in discounting Dr. Iuliano's opinion.

***4. Obesity and Sitting and Standing***

[5] The ALJ also gave several other reasons for discounting Dr. Iuliano's opinion. Tr. 22-23. However, the Court need not address these other reasons in detail because, even if erroneous their inclusion is harmless as they do not negate the ALJ's other valid reason for discounting Dr. Iuliano's opinion. *See Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason, among other reasons for discounting testimony, is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

Mr. Newcomb argues the ALJ erred in failing to make reviewable findings regarding his sitting and standing limitations. Dkt. 7 at 12-15. The Court disagrees.

Apart from limiting Mr. Newcomb to medium work, the ALJ did not include any specific sitting or standing limitations in the RFC. Tr. 16. The ALJ does state elsewhere in his opinion that "[e]ven if [Mr. Newcomb] had some limitation in the time spent standing or sitting, the occupations identified allow the worker to change positions between sitting and standing." Tr. 21. The ALJ also states that "[o]besity was also addressed by limitations in the exertional demands and the occupations identified also allow for changing positions." Tr. 22. Mr. Newcomb argues that these statements indicate the ALJ found he had greater limitations in his ability to sit and stand than reflected in the RFC and that the ALJ erred in failing to make reviewable findings as to how long he was capable of maintaining those positions. Dkt. 7 at 14. However, the ALJ did not find that Mr. Newcomb needed to change positions or had greater limitations in his ability to sit or stand than were accommodated by medium work. Rather, the ALJ merely observed that even if Mr. Newcomb did have some greater limitation in this area, the occupations identified at step five would accommodate it. Tr. 21-22. The fact that the ALJ acknowledged the jobs identified at step five would allow for greater limitations than included in the RFC does not establish the ALJ erred in determining the RFC. *See* 20 C.F.R. § 404.1545 (a) (A claimant's RFC is "the most [a claimant] can do despite [his or her] limitations."). Nor does Mr. Newcomb point to any medical opinion or other evidence (not otherwise properly rejected) establishing greater limitations in his ability to sit or stand than were included in the RFC.

Accordingly, the ALJ did not err in failing to make reviewable findings regarding Mr. Newcomb's sitting and standing limitations.

**B. Scope of Remand**

In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 1990). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, there is conflicting evidence in the record and it is not clear that the ALJ would be required to find Mr. Newcomb disabled if the medical opinion evidence were properly considered. Because the record does not compel a finding of disability, the Court finds it appropriate to remand this case for further administrative proceedings. *See Treichler*, 775 F.3d at 1107.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should evaluate Dr. Clifford's and Dr. Flanagan's opinions that Mr. Newcomb would have occasional interruptions from psychological symptoms, reevaluate Dr. Karvelas' opinion with respect to Mr. Newcomb's limited cervical range of motion, reassess and

determine the RFC, and proceed with steps four and five of the sequential evaluation process with the assistance of a vocational expert as necessary.

DATED this 22nd day of March, 2017.

JOHN C. COUGHENOUR
United States District Judge

ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 12